```
                    UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **DONNA MUMFREY-MARTIN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2539 c/w** <br> **12-2543,12-2546** |
| **STOLTHAVEN NEW ORLEANS, L.L.C.,** <br> **& PHILIP WATT** | **Pertains to All Cases** |
| | **SECTION "B"(2)** |

## ORDER AND REASONS

Before the Court in this consolidated matter are the Plaintiffs' Joint Motion to Remand and supporting memoranda, Defendants Stolthaven New Orleans, LLC and Phillip Watt's Opposition, Plaintiffs' Reply Memorandum, and Defendants' Sur-Reply Memorandum.(Rec. Docs. No. 37, 37-1, 40, 43, & 50). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that the Motion to Remand be **GRANTED** with respect to cases 12-2543 and 12-2546, and be **DENIED** with respect to case 12-2539.

Procedural History and Facts of the Case:

This case arises from a chemical spill caused during Hurricane Isaac.

Stolthaven New Orleans, LLC, ("Stolthaven") stores toxic chemicals at its Braithwaite facility in Plaquemine Parish. (Rec. Doc. No. 1-1). Shortly after Isaac hit land on or about August 29,

2012, levees allegedly maintained by Defendant Plaquemine Parish failed to withstand the surge, causing the release of thousands of gallons of toxic chemicals from the Braithwaite Facility into surrounding commercial and residential neighborhoods. (Rec. Doc. No. 1-1; Case No. 12-2543, Rec. Doc. No. 1-1; Case No. 12-2546, Rec. Doc. No. 1-1).

On September 14, 2013, Plaintiffs Jesse Shaffer III, Suzane Lafrance Shaffer, Amanda Shaffer, and Jesse Shaffer II (the "Shaffer Plaintiffs") brought a class action suit against Stolthaven in the 25th Judicial District Court Plaquemines Parish, asserting claims of negligence, strict liability, nuisance, and groundwater contamination. (Rec. Doc. No. 9-3; Case No. 12-2543, Rec. Doc. No. 1-1). Ten days later the Shaffer Plaintiffs asserted similar claims against Phillip Watt ("Watt"), Stolthaven's terminal manager, in a Supplemental Petition for Damages. (Case No. 12-2543, Rec. Doc. No. 1-1).

On September 4, 2013, in a separate suit in the same court, Plaintiffs Gregory Duhy, Gwen Duhy, Catherine Duhy, Jennifer Duhy, Michelle Duhy, and Amber Ducote (the "Duhy Plaintiffs") brought claims for negligence and gross negligence against Stolthaven, the Plaquemine Parish Government, "Norfolk Railroad," and several fictitious liability insurance companies. (Case No. 12-2546 Rec. Doc. No. 1-1).

On October 10, 2012, in yet another suit in the same court,

Plaintiffs Donna Mumfrey-Martin, Michael Martin, Michael Jiles, and Pamela Jiles (the "Martin Plaintiffs") brought class action claims against Stolthaven for negligence, seeking compensatory and exemplary damages for loss of property, loss of income, devaluation of real property, inconvenience, evacuation expenses, stigma damages, despair, remediation costs, loss of business opportunity, and other damages to be shown at trial. (Rec. Doc. No. 1-1). The Martin Plaintiffs named no other defendants besides Stolthaven.

On October 18, 2012, Defendant Stolthaven removed each case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, contending that this Court had original diversity jurisdiction under 28 U.S.C. § 1332(a). (Rec. Doc. No. 1; Case No. 12-2543, Rec. Doc. No. 1; Case No. 12-2546, Rec. Doc. No. 1). The Court consolidated all three matters on October 29, 2012. (Rec. Doc. No. 8). All plaintiffs[1] jointly filed the instant Motion to Remand on June 14, 2012. (Rec. Doc. No. 37).

Stolthaven is a limited liability company organized and existing under Louisiana law. (Rec. Doc. No. 1-1). Stolthaven's sole member is Stolt-Nielsen USA Inc., a Delaware corporation with a principal place of business in Connecticut. (Rec. Doc. No. 40-1).

Watt is a domiciliary of the State of Louisiana, as are all named consolidated plaintiffs. (Rec. Doc. No. 1-1; Case No. 12-

---

[1] Where convenient, the Martin, the Duhy, and the Shaffer Plaintiffs will be referred to collectively as the "Plaintiffs."

3

2543, Rec. Doc. No. 1-1; Case No. 12-2546, Rec. Doc. No. 1-1).

Law and Analysis:

**A. Standard for Remand**

A defendant may remove a civil action pending in state court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). However, once challenged, the removing defendant has the burden of establishing facts that would show federal jurisdiction. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). The removing defendant bears the burden of demonstrating that federal jurisdiction exists and that removal was proper. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001). The removal statute should be strictly construed in favor of remand and any ambiguities should be construed against removal. *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002).

Diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." See 28 U.S.C. § 1332. Where matters have been consolidated, as is the case here, the Court must separately determine whether jurisdiction lies for each of the underlying cases. *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982). Accordingly, the issues of diversity and

amount in controversy are addressed separately, as to each underlying case, below.

**B. Diversity of Parties**

Where jurisdiction is sought under §1332(a), "complete diversity" is required between all plaintiffs and defendants. *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir.2004). In determining diversity, the courts must consider the citizenship of all defendants, served and unserved, in determining whether diversity jurisdiction exists. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883-84 (5th Cir.1998). For the purposes of § 1332(a), the citizenship of a LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). For the same purposes, local governments are considered citizens of the state in which they lie. *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973).

*1. CITIZENSHIP OF STOLTHAVEN*

All Plaintiffs assert claims against Stolthaven, a limited liability company. In their joint motion to remand, Plaintiffs argue that Stolthaven is properly considered a citizen of Louisiana under 28 U.S.C § 1332(d)(10). (Rec. Doc. No. 37-1 at 4-8). In essence, Plaintiffs claim that the Class Action Fairness Act ("CAFA"),Pub.L. No. 109-2, 119 Stat. 4 (codified in scattered

5

sections of Title 28, United States Code), requires that limited liability companies be treated as corporations for determining diversity in all class actions removed from state court. That is, Plaintiffs contend that Stolthaven is a citizen of Louisiana, the state in which it is was formed and has its principal place of business.(Rec. Doc. No. 37-1 at 4-8). This view misreads the jurisdictional statute and is without legal support.

It is well-settled that to have "traditional" or "complete" diversity jurisdiction under § 1332(a), "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *McLaughlin*, 376 F.3d at 353.  It is also well-settled that a limited liability company shares the citizenship of its members for the purpose of determining diversity jurisdiction. *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008).

CAFA did nothing to alter these well-settled rules. While CAFA did indeed alter determinations of citizenship of LLC's in certain circumstances, it did not do so in abrogation of *Harvey.* Codified in part at 28 U.S.C. § 1332(d), CAFA grants original federal jurisdiction for all class action claims "in which the matter in controversy exceeds the sum or value of $5,000,000" and where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). In this way, CAFA lessened diversity requirements and increased amount in controversy

requirements for class action suits. And, as Plaintiffs point out, CAFA deems an unincorporated association a citizen of the state where it has a principal place of business and under whose laws it is organized, but this is only for the "*purposes of this subsection* [1332(d)]," and not subsection § 1332(a). 28 U.S.C. § 1332(d)(10)(emphasis added). *Harvey*, like *McLaughlin*, states requirements for jurisdiction under § 1332(a) and not § 1332(d). Accordingly, where defendants remove under § 1332(a), as Stolthaven has here, parties must be completely diverse and the citizenship of a limited liability corporation is determined by the citizenship of its members.

*2. CASE 12-2539*

The Martin Plaintiffs name only Stolthaven as a defendant. Stolthaven is a limited liability company organized and existing under Louisiana law. (Rec. Doc. No. 1-1). Stolthaven's sole member is Stolt-Nielsen USA Inc., a Delaware corporation with a principal place of business in Connecticut. (Rec. Doc. No. 40-1). Stolthaven is thus a citizen of Delaware and Connecticut for purposes of diversity. Since all plaintiffs are Louisiana residents(Rec. Doc. No. 1-1), complete diversity exists in Case No. 12-2539.

*3. CASES 12-2546 & 12-2543*

As to each the Duhy Plaintiffs and the Shaffer Plaintiffs,

Defendants contend that the parties putatively defeating complete diversity (Defendants Plaquemine Parish and Watt) have been improperly joined. (Rec. Doc. No. 40 at 11-27).

The doctrine of improper joinder "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been properly joined." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Because the doctrine of improper joinder is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one, belonging to the removing party. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378 (5th Cir. 2009)

Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) a plaintiff's inability to establish a viable claim against the in-state defendant in state court. *Smallwood*, 385 F.3d at 573. Defendants do not dispute that Watt is a Louisiana resident. Accordingly, this Court need only address the second.

The Court may use two different methods to assess the viability of plaintiffs' claims against in-state defendants. *Id.* First, the Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. Second, where a plaintiff misstates or omits discrete facts, the district court may, in its discretion,

8

pierce the pleadings and conduct a summary judgment type inquiry. *Id*. This court need not pierce the pleadings, and should decide the matter by Plaintiffs' ability to state a claim under Rule 12(b)(6) in each underlying case.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a complaint to be dismissed for failure to state a claim upon which relief can be granted. *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 552 (2007). In determining a party's ability to state a claim, the court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In other words, in order for a complaint to survive a motion to dismiss, it must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). For a court to determine the plausibility of a claim, a court is required to draw on its common sense and experience in a context specific manner. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, as to Case No. 12-2543, Defendants contend that the Shaffer Plaintiffs have failed to state a claim against Watt under *Canter v. Koehring Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973). Under *Canter*, an employee, "like all persons, has a general duty to exercise due care so as to avoid injuries to third persons." *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir.

9

1994)(citing *Canter*, 283 So.2d at 721(La. 1973)). An employee may be personally liable for breaching a duty that arises solely from an employment relationship when (1) the employer owes a duty of care to the plaintiff, (2) that duty is delegated to the employee, and (3) the employee breaches that duty through personal fault. *Id.* at 936. With regard to personal fault, liability cannot be imposed on an employee simply because of "general administrative responsibility for performance of some function of the employment." *Id.* Rather, the employee must breach a distinct, delegated duty, and that breach must specifically cause plaintiffs' damages. *Id.*

In the instant case, that Stolthaven owed all Plaintiffs a duty to safeguard hazardous chemicals stored at the Braithwaite Facility is not disputed. Defendants contend, however, that the Shaffer Plaintiffs fail to allege that Watt was delegated a personal duty and seek to recover only for Watt's failure to perform "general administrative responsibilities. (Rec. Doc. No. 40 at 13-14).

Contrary to these contentions, the Shaffer Plaintiffs specifically allege that Stolthaven delegated a personal duty to Watt and that Watt failed to perform that duty. For instance, the plaintiffs allege that Watt was "charged with the responsibility for securing the Stotlhaven Braithwaite facility in preparation for the approaching hurricane..." (Case No. 12-2543, Rec. Doc. No. 1-1 at 21-22). They further allege that Watt breached this duty

personally by failing to safeguard, evacuate, and otherwise implement protective measures as to the hazardous chemicals, thereby causing the plaintiffs' assorted damages. *Id.*

Contrary to the Defendants' claim, these allegations are not legal conclusions, but assertions of fact. The Shaffer Plaintiffs make allegations as to each factual issue required by *Canter*. Liberally construed in favor of Plaintiffs, these factual assertions sufficiently state a claim against Watt.

In support of their argument, Defendants rely on *Hornsby v. Allied Signal Inc.*, 961 F.Supp 923 (M.D. La. 1997). In that case, involving similar claims arising from chemical leak at a plant in Baton Rouge, the court held that the plant manager in question was improperly joined for failure to state a claim under *Canter*. *Hornsby*, 961 F.Supp at 927-29. *Hornsby*, however, should be distinguished on two grounds. First, the *Hornsby* court saw fit to "pierce the pleadings" and consider evidence of jurisdictional facts, *See id*. at 928 (discussing lack of evidence supporting jurisdiction), which would be an unnecessary exercise here. Second, and more to the point, the plaintiffs in *Hornsby* merely alleged that the plant manager failed to perform his general administrative responsibilities. *See id*. at 929 (plaintiff's claim that the plant manager was "charged with the duty to ensure that all employees conduct facility operations and activities in the safest possible manner" amounted to claim of breach of general administrative

11

duties.) Here, in contrast, the Shaffer Plaintiffs allege more than general responsibility; they accuse Watt of failing to perform the specific, personal, and delegated duty of instituting hurricane preparedness plans for hazardous materials.

Accordingly, Watt, a Louisiana citizen, is properly joined by the Shaffer Plaintiffs. Defendants have failed satisfy the burden of proving complete diversity. This court has no subject matter jurisdiction for lack of diversity and it is **ORDERED** that Plaintiffs' motion to remand be **GRANTED** with respect to case 12-2543.

In Case No. 12-2546, the Duhy Plaintiffs allege that Plaquemine Parish was grossly negligent in failing to properly maintain levies adjacent to their home. In short, the Duhy Plaintiffs allege that the Parish allowed said levee to deteriorate, failed to bring the levee to federal and state standards, and used inappropriate materials and practice that weakened the levee's ability to withstand Isaac's pressures. (Case No. 12-2546, Rec. Doc. No. 1-1 at 4-5).

Defendants argue that these allegations fail to state a claim on the grounds that Plaquemine Parish enjoys immunity under La. R.S. 9:2798.1(B). (Rec. Doc. No. 40 at 24). That statute provides:

> "Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their

policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties."

*Commerce & Indus. Ins. Co. v. Grinnell Corp.*, 280 F.3d 566, 571 (5th Cir. 2002)quoting La. R.S. 9:2798.1(B).

The immunity conferred by R.S. 9:2798.1 is "essentially the same" as the immunity conferred on the federal government by the "Discretionary Function Exception" to the Federal Tort Claims Act ("FTCA"). *Roberts v. City of Shreveport*, 397 F.3d 287, 296 (5th Cir. 2005). Thus, a public entity is immune under La. R.S. 9:2798.1 when the challenged action is "grounded in political, economic, or social policy." *Id* at 296. Conversely, a public entity enjoys no immunity when "a state law, regulation, or policy specifically prescribed the challenged course of action." *Id*.

Finally, the immunity provided by R.S. 9:2798.1 must be asserted as an affirmative defense, with defendants bearing the burden. *See*, *e.g.*, *Batton v. Georgia Gulf*, 261 F.Supp.2d 575 (M.D. La. 2003)(removing party failed to meet its burden of showing that any policy-based discretion was exercised by the public entity in question.); *Johnson v. Orleans Parish School Bd.*, 975 So.2d 698, 710 ("Defendants raised the 'discretionary function' immunity as an affirmative defense in their answers and pleadings. As such, the defendants had the burden of proof...");

Here, Defendants satisfied neither the burden imposed by the

jurisdictional statute nor that imposed by R.S. 9:2798.1. Defendants essentially make two arguments. First, without citation to legal authority, Defendants simply assert that Parish decisions to fund, elevate and otherwise maintain levees involve policy considerations sufficient to establish immunity under R.S. 9:2798.1 (Rec. Doc. No. 40 at 24-26). Next, Defendants rely on *In Re Katrina Canal Breaches Litigation*, 696 F.3d 436 (5th Cir. 2012), for the proposition that the decision to delay levee fortification is immune under the FTCA.(Rec. Doc. No. 40 at 24-26). However, in that case, involving claims against the Army Corps of Engineers for Damage caused by Hurricane Katrina, the court considered "ample record evidence" indicating the public policy character of the Army Corps of Engineers' decisions before finding the Corps immune under the FTCA. *In Re Katrina*, 696 F.3d at 451.

In contrast, questions of fact and law remain here as to whether Plaquemine Parish or its employees acted within its policy-making or discretionary authority. In short, at the pleading stage, absent "ample record evidence," the possibility exists that the R.S. 9:2798.1 grant of immunity does not attach to Parish decisions regarding the levee in question.

Plaquemine Parish is thus properly joined by the Duhy Plaintiffs. Defendants have failed to establish Diversity. This court lacks subject matter jurisdiction and it is therefore **ORDERED** that Plaintiffs' motion to remand should be **GRANTED** with respect to

case 12-2546.

**B. Amount in Controversy**

Since the parties in Case No. 12-2539 are completely diverse, the Court must still decide whether the Martin Plaintiffs' claims exceed $75,000.

Under La.Code Civ. P. art. 893(A)(1), plaintiffs in Louisiana are not allowed to plead a specific amount of damages. When a case in which the plaintiff has alleged an indeterminate amount of damages is removed, the removing party bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000 and, therefore, that federal jurisdiction exists and removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002); *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). A defendant may satisfy its burden by either: (1) showing that it is facially apparent that the claim is likely to exceed $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. *Manguno*, 276 F.3d at 723; *Allen*, 63 F.3d at 1335. Courts should not engage in summary-type review of the evidence of the amount in controversy unless the same is not apparent from the face of the complaint. *Allen*, 63 F.3d at 1336 n. 16.

"To determine whether jurisdiction is present for removal, [the court must] consider the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723. If a defendant satisfies its burden, the district court has jurisdiction unless the plaintiff can show with "legal certainty" that his claim is actually for an amount of $75,000 or less. *De Aguilar v. Boeing Company*, 47 F.3d 1404, 1412. A plaintiff may establish such legal certainty "by filing a binding stipulation" that limits recovery to less than $75,000. *Manguno*, 276 F.3d at 724; *see also De Aguilar*, 47 F.3d at 1412. A binding stipulation would contain language that the plaintiff will not accept damages in excess of $75,000 and that the affidavit is also binding on plaintiff's representatives, assigns, and heirs, and would be signed by plaintiff and plaintiff's counsel. *Hamilton v. Mosaic Co.*, 09-3356, 2009 WL 2870215 at *3 (E.D. La. 8/27/09). Plaintiffs can meet this burden by filing a binding stipulation or affidavit with their complaints. *De Aguilar*, 47 F.3d at 1412 (5th Cir.1995). However, post-removal affidavits or stipulations may be considered only where the amount in controversy is ambiguous at the time of removal. *Gebbia*, 233 F.3d at 883. "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* (citing St. Paul Mercury Indem., 303 U.S. 283,

292, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).

Here, it is apparent on the face of the Martin Plaintiffs' complaint the amount in controversy likely exceeds $75,000. The complaint seeks both compensatory and exemplary damages for the negligent release of thousands of gallons of toxic chemicals--including chemicals banned in the United States--for nine distinct types of loss: loss of property, loss of income, devaluation of real property, inconvenience, evacuation expenses, stigma damages, emotional distress, remediation costs, and loss of business opportunity. (Rec. Doc. No. 1-1 at 4-16).

As such, the burden has shifted to Plaintiff to show to a legal certainty that the amount in controversy does not exceed $75,000. Here, each of the Martin Plaintiffs submitted affidavits with their reply brief stating that they "agree" that their respective claims against Stolthaven are worth less than $75,000. (Rec. Docs. No. 43-5 & 43-6). Since these affidavits are neither binding nor filed with the underlying complaints, the Martin Plaintiffs have failed to show to a legal certainty that the amount in controversy does not exceed $75,000.

Accordingly, removal was proper as to the Martin Plaintiffs' claims. This court has subject matter jurisdiction over those claims alone and it is therefore **ORDERED** that Plaintiffs' motion to remand be DENIED with respect to case 12-2539.

Conclusion

The Court finds that Defendants Watt and Plaquemine Parish were properly joined in cases 12-2543 and 12-2546, respectively, and that complete diversity is therefore lacking in those instances. In case 12-2539, the Court finds that complete diversity exists and that the jurisdictional amount is satisfied.

Therefore, in summary:

**IT IS ORDERED** that the Motion to Remand be **GRANTED** with respect to cases 12-2543 and 12-2546 and be **DENIED** with respect to case 12-2539.

New Orleans, Louisiana, this 10th day of September, 2013.

UNITED STATES DISTRICT COURT