UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNA MUMFREY-MARTIN ET AL. | CIVIL ACTION |
| VERSUS | NO. 12-2539 |
| STOLTHAVEN NEW ORLEANS, LLC | SECTION "B" (2) |

### ORDER AND REASONS ON MOTION

Plaintiffs in this case (hereafter "the Martin parties") filed a Motion for Leave to File a First Amended Complaint, Record Doc. No. 54, which is pending before me. In their motion, the Martin parties seek to add a new defendant, Phillip Watt, terminal manager of the existing defendant, Stolthaven New Orleans, LLC. ("Stolthaven"). Watt's addition as a party would destroy diversity of citizenship, the sole basis for this court's subject matter jurisdiction. Defendant Stolthaven filed a timely opposition memorandum. Record Doc. No. 57. Having considered the written submissions of the parties, the record and the applicable law, plaintiffs' motion is GRANTED for the following reasons.

The Martin parties originally filed this suit for damages in the 25th Judicial Court for Plaquemines Parish in October 2012 against Stolthaven as the sole defendant. The state court petition was a putative class action seeking damages allegedly resulting from a chemical release from Stolthaven's chemical storage facility in Plaquemines Parish.

Stolthaven removed the action to this court on October 18, 2012, based solely on diversity of citizenship jurisdiction. The Martin parties are Louisiana citizens and

Stolthaven, "a limited liability company organized and existing under Louisiana law," has been found by this court to be "a citizen of Delaware and Connecticut for purposes of diversity." Record Doc. No. 52 at p. 7. The proposed new defendant, Phillip Watt, Stolthaven's terminal manager, like plaintiffs themselves, is a Louisiana citizen. Id. at p. 3. After removal, the captioned case was consolidated with two similar cases that had also been removed from the same state court. C.A. Nos. 12-2543 and 12-2546. One of those cases, C.A. No. 12-2543, included the same Phillip Watt as a defendant. Both of those cases have since been remanded to the state court, based in part on the presiding district judge's finding that the claims against Watt, which are almost identical to those now asserted by the Martin parties in this case, were properly alleged and that Watt had not been fraudulently joined. Id. at pp. 9-12.

In the captioned case, allowing the Martin parties to amend their petition to add Watt as a defendant would destroy this court's sole basis for subject matter jurisdiction. They assert that they should be permitted to do so based upon the same factual allegations which this court has already and recently found were proper and adequate in the other two similar cases.

In its memorandum in opposition to plaintiff's motion, citing the factors articulated in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), Stolthaven contends that the Martin parties' sole purpose in asserting the amendment is "to deprive Stolthaven of its

right to a federal forum" by defeating diversity; that they unduly delayed in moving to amend; that plaintiffs will not be injured if their amendment is rejected, while Stolthaven has a compelling interest in retaining the federal forum; and that no equities exist in plaintiffs' favor. For the following reasons, I disagree with Stolthaven and grant plaintiff's motion to amend his petition.

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Because the policy of Rule 15 is to permit liberal amendment of pleadings in the absence of substantial prejudice to defendants that cannot be cured by other means, Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981), Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy, 660 F.2d at 597-98). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id. Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted. . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling, 234 F.3d at 873 (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 F. App'x 366, 367 (5th Cir. 2010).

However, when an amendment after removal from state court would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) vests broad discretion in the trial court by expressly providing the following choice: "the court may deny joinder, or permit joinder and remand the action to the State court." (Emphasis added). The language of Section 1447(e) is entirely permissive. Exercise of this discretion depends upon application of the factors enunciated by the Fifth Circuit in Hensgens and approved in Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1029 n.11 (5th Cir. 1991), to determine whether the proposed amendment should be permitted. I find that application of the Hensgens factors in this case establishes that the motion to amend should be granted.

The first Hensgens factor is the extent to which joinder of a non-diverse party is sought to defeat federal jurisdiction. It is clear from both plaintiffs' original filing decision and their participation in the previously denied (as to them only) joint motion to remand, Record Doc. No. 52, that they prefer to pursue this litigation in state court. Stolthaven

argues that the timing of plaintiffs' motion to amend indicates that their motive is to defeat diversity jurisdiction. Although the Martin parties knew or should have known well before now of Watt's involvement, they did not move to amend their petition until after the court denied their portion of the consolidated plaintiffs' joint motion to remand and sent the two companion cases back to state court.

Nonetheless, I cannot conclude that plaintiffs' principal motivation is to defeat this court's subject matter jurisdiction. It makes legal and practical sense that Watt should be a defendant under the circumstances and given the factual allegations that the presiding district judge in this case has already found sufficient to state a claim against him, thus raising the possibility that Watt may be directly liable to plaintiffs in damages. A finding of liability is better and more reliably made if <u>all</u> alleged wrongdoers are in the same case and able to defend themselves directly. In addition, there are procedural and discovery advantages available to plaintiffs if the non-diverse party is a defendant rather than merely a non-party witness. Any reservations that the Martin parties may have had about being accused of fraudulent joinder if they had named Watt as a defendant originally have only recently been allayed by this court's order. Under these circumstances, I cannot find that plaintiff's principal motivation in adding Watt as a defendant at this time is to defeat federal jurisdiction. Thus, this factor weighs in favor of permitting the amendment.

The second <u>Hensgens</u> factor is whether plaintiff has been dilatory in asking for the amendment. The record establishes that plaintiff has delayed only somewhat in seeking the amendment. This court's order finding that a cause of action against Watt may be <u>non</u>-fraudulently asserted has only recently been issued. The standard Rule 16 scheduling order, which ordinarily permits plaintiff 30 days from that date within which timely to amend, has not yet been issued. Under these circumstances, I cannot conclude that plaintiff has delayed unduly. This factor also militates in plaintiff's favor of permitting the amendment.

The third <u>Hensgens</u> factor is whether plaintiff would be significantly injured if the requested amendment is not allowed. After this court's remand of the two formerly consolidated cases back to state court, the risk arising from parallel proceedings in two separate jurisdictions of inconsistent orders and the time and expense of duplicative discovery, pretrial proceedings, settlement efforts and trial will all be substantial. Considerations of cost and efficiency, both for the parties and for the courts involved, militate in favor of not requiring the Martin parties to prosecute their claims in this court, while other similarly situated plaintiffs pursue the same case in a different forum, when all of the cases arise from the same incident. Thus, the Martin parties run substantial risk of significant injury if they are not permitted to add as defendant a party whose actions are

alleged to have caused or contributed to his damages. This factor weighs heavily in favor of permitting the amendment.

The final Hensgens consideration is any other factor bearing on the equities. Stolthaven submits that it will be damaged by denial of its choice to litigate in federal court. However, that choice is not as compelling as plaintiff's desire to litigate against all potentially liable defendants in one forum, where all similarly situated parties will be going forward. This case involves state law claims in the precise state district court jurisdiction where defendant is located and conducts its business and where most of the witnesses and evidence can expect to be found. The case presents no compelling federal interest. The interest of the judicial system in avoiding parallel actions is significant. For all of the reasons discussed above, I find that the equities favor permitting plaintiff's amendment in this case.

For similar reasons, the Rule 15 factors also weigh in favor of permitting the amendment. Neither undue delay nor repeated prior amendments have occurred. The existing parties will not be prejudiced by the amendment, as no Rule 16 order has been entered yet and no trial date or other deadlines have been set. The loss of this court as a forum because the amendment destroys subject matter jurisdiction would not prejudice any party because the state court is not only convenient but also able and available to adjudicate the matter fully and efficiently. This court has already found that the allegations the Martin

parties seek to assert against Watt appear sufficient to state a claim on which relief may be granted, so that the amendment is not futile.

Accordingly, because on balance the Hensgens and Rule 15 factors weigh in favor of permitting the amendment, plaintiffs' motion to amend is GRANTED. Whether the case should now be remanded from this court to the state court from which it was removed, as provided in 28 U.S.C. § 1447(e), is a matter solely within the province of the presiding district judge.

New Orleans, Louisiana, this ___30th___ day of October, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. IVAN L.R. LEMELLE**